### HORNYAK, ESTATE OF, In Re

Ohio Appeals, 8th Dist, Cuyahoga Co.

No 15677.   Decided Jan 25, 1937

Taylor & Hasselman, Cleveland, for plaintiff-appellee.

M. Welensky, Cleveland, and Jos. Spitz, Cleveland, for defendants-appellants.

## OPINION

By LEVINE, J.

An application for removal of an executor was filed in the Probate Court upon which hearing was had, and an order of removal of the executor entered. Upon appeal to the Court of Common Pleas and hearing de novo, an order was entered by the Court of Common Pleas removing the executor. The matter is here for review of the action of the trial court.

An application for removal of an executor must be based upon the causes set forth in §10506-53 GC, which reads as follows:

"The Probate Court at any time may accept the resignation of any fiduciary, upon his proper accounting, if such fiduciary was appointed by, or is under the control of, or accountable to such court. The Probate Court may remove any such fiduciary, he having not less than ten days notice thereof, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law, and shall remove a trustee upon the written application of more than one-half of the heirs or next of kin, or legatees having an interest in the estate controlled by such trustee, but the trustee himself is not to be considered an heir, next of kin, or legatee under such proceeding."

A perusal of the application discloses no statutory or any other cause for the removal of the executor.

The application does not contain an averment that the applicant has any interest in the assets of the estate of Albert Hornyak; nor any relation thereto. She is an entire stranger to the estate, or any interest pertaining thereto.

An objection was duly filed by Joseph S. Spitz to said application, asking specifically that the application be stricken from the files because it was insufficient in law under the statute.

It is our judgment that this objection and the request to strike the application from the files should have been sustained.

For error in refusing to sustain the objection and the request, the judgment is reversed and the cause remanded.

TERRELL, J, concurs.
LIEGHLEY, PJ, dissents.